IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

_____

| | |
|---|---|
| ROBERT ZNAVOR, | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| Plaintiff, | |
| v. | Civil Action No. 2:09-cv-055 |
| AFNI, INC., | |
| Defendant. | |

_____

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff Robert Znavor seeks an order compelling Defendant AFNI, Inc. to respond to his Interrogatories and Requests for Production of Documents in accordance with the Federal Rules of Civil Procedure. After Plaintiff's Motion was filed, Defendant served its Third Supplemental Responses to Plaintiff's Requests (attached hereto as Exhibit 1). Defendant also filed a Memorandum in Opposition to Plaintiff's Motion to Compel ("Defendant's Opposition").

**I.      DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES**

Only after Plaintiff filed his Motion to Compel did Defendant serve a third supplemental response to Plaintiff's discovery requests; however, three of its responses, at best, appear incomplete, and, at worst, appear to be given in bad faith. Indeed, Plaintiff's Requests for Production of Documents Numbers 16, 17, and 18 request manuals, as well as any policy, procedure, practices, or programming guidelines regarding Defendant's autodialing systems used within the preceding five years. In Defendant's original Responses to these requests, it objected

1

to each of these Requests, stating, "Any responsive manual also would contain confidential and sensitive proprietary business information." See Exhibit 1. However, in its Third Supplemental Responses (served the same day as it filed its Opposition to Plaintiff's Motion to Compel) Defendant referred to documents stamped AI 0013 through AI 0026, which it had produced with its original responses when it objected, claiming responsive documents were confidential.

Assuming its original Responses were truthful, then Defendant must possess additional documents responsive to Requests Numbers 17 and 18 that it had claimed were confidential. It cannot now claim those documents no longer exist by simply referring to other non-confidential documents it has already produced.

Defendant has failed to defend its failure to produced these documents and has still failed to produce a privilege log, waiving any objections based on confidentiality. In re Air Crash at Taipei, 211 F.R.D. 374, 376 (C.D. Cal. 2002), citing Clarke v. American Commerce Nat'l. Bank, 974 F.2d 127, 129 (9th Cir. 1992); Davis v. Fendler, 650 F.3d 1154, 1160 (9th Cir. 1981).

Defendant's game of hide-the-ball should not be tolerated. Defendant should be compelled to produce additional documents in response to these Requests, specifically those documents to which it referred in its original Responses.

## II.   REMAINING ISSUES

### A.   Prior Complaints and Lawsuits

Plaintiff requests the identification and information regarding, and copies of, lawsuits or other complaints filed against Defendant alleging violations of the Fair Debt Collection Practices

Act, 15 U.S.C. §§ 1692b, 1692d, and or 1692e ("FDCPA").[1] The requested information and documents are relevant to damages and Defendant's affirmative *bona fide* error defense.

Defendant claims that these requests are prohibited by Federal Rule of Evidence 404. See Defendant's Opposition, p. 3. In the words of Magistrate Judge Nolan of the Northern District of Illinois, "This argument misses the mark." Donnelly v. NCO Financial Systems, Inc., 2009 U.S.Dist.LEXIS 124730, *11 (N.D.Ill., Dec. 16, 2009).[2] "To be discoverable under Rule 26, information need not itself be admissible; it must only be relevant or reasonably likely to lead to the discovery of admissible evidence." Id.

In Donnelly, the plaintiff alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the FDCPA. The plaintiff made a request similar to Plaintiff's request here: for information and documents relating to lawsuits against the defendant. The Court granted the plaintiff's motion to compel as to lawsuits regarding the TCPA but denied it as to the FDCPA. This seemingly strange dichotomy is irrelevant here because 1) the Court's reasoning regarding the TCPA is equally applicable to the FDCPA; and 2) the Court's reasoning regarding the FDCPA did not address an argument put forth by Plaintiff in this case.

Regarding the TCPA, the Court stated, "NCO responds that allegations of wrongdoing do not necessarily reflect actual violations of the Act. True, but if NCO has been charged with

---

[1] Defendant is correct that Plaintiff's Interrogatory and Request for Production of Documents are inconsistent with each other with respect to the relevant time period and the nature of the alleged violations. Plaintiff agrees to bring both in line with each other, as well as reduce the time period requested, by seeking only responsive information and documents from the preceding two years regarding complaints filed against AFNI alleging violations of 15 U.S.C. §§ 1692b, 1692d, and or 1692e.

[2] The defendant's objections to the Report & Recommendation were overruled by District Judge Guzman on January 13, 2010. Judge Guzman's Order is attached hereto as Exhibit 2.

3

violations on numerous prior occasions, that is certainly relevant to its knowledge of the TCPA and the actions it did or did not take to ensure compliance with the statute." Id. at *11-12. This reasoning shows the requested information's relevance to both the *bona fide* error defense and damages.

Regarding the *bona fide* error defense, "the actions it did or did not take to ensure compliance with the statute" is almost identical to the statutory language of the defense: "the violation was not intentional and resulted from a bona fide error *notwithstanding the maintenance of procedures reasonably adapted to avoid any such error*." 15 U.S.C. § 1692k(c) (emphasis added). The prior lawsuits and complaints defended by Defendant is relevant to its knowledge of the FDCPA and its alleged procedures adapted to avoid violation.

Additionally, Defendant's knowledge of the FDCPA is relevant to the *bona fide* error defense as well. To satisfy the elements of the defense, Defendant must show that its violation was "not intentional." If Defendant was notified that certain conduct would violate the FDCPA – or that certain policies and procedures would likely lead to a violation – Plaintiff can use that information to argue to the jury that Defendant's violation was intentional and that the defense does not apply.

Regarding damages, Defendant fails to address Plaintiff's argument that the information is relevant to the third factor to be used to compute damages: "the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). This tacit admission of Plaintiff's argument is significant because the statutory language ignored by Defendant is so clear: Intent is relevant to the computation of damages. As discussed immediately above, the requested information will allow Plaintiff to argue to the jury that its violation was intentional, which is one

4

of the three, express statutory factors to be used to compute damages.

Defendant's arguments against this information fail. Its focus on F.R.E. 404 "misses the mark," as discussed above. Its claim that Plaintiff has "attempted to circumvent this bar" ignores that any bar contemplated by F.R.E. 404 applies only to evidence; significantly, it does not apply to discovery.[3] Defendant also claims that, because the FDCPA is a strict liability statute, its intent or knowledge is not material to whether it violated the FDCPA. Plaintiff concedes this point regarding his affirmative case; however, as discussed above and in line with the FDCPA's clear language, both its intent and knowledge are relevant to Defendnat's *bona fide* defense and the computation of damages. Defendant also states, "Plaintiff's argument also improperly attempts to equate allegations in other claims and lawsuits with evidence." See Defendant's Opposition, p. 4. Defendant is wrong. Plaintiff merely requests information and documents regarding allegations in other claims and lawsuits that are both relevant to the claims and defenses here, and as well will otherwise lead to the discovery of admissible evidence.

Finally, Defendant argues that responding to these discovery requests would be burdensome, basing its argument solely on the now-cured discrepancy between the two related requests identified above in footnote 1. In Donnelly, the Court found this "burden" to be outweighed by the benefit of disclosing the requested information and documents. Donnelly, 2009 U.S.Dist.LEXIS 124730 at *12. Nevertheless, because Plaintiff has agreed to limit its

---

[3] An appropriate analogy is the evidentiary bar of subsequent remedial measures. Although such evidence may not be introduced to prove liability, a party may discover information regarding subsequent remedial measures to later demonstrate control. Here, although evidence of prior claims may not be introduced to prove liability, Plaintiff should be permitted to discover information regarding prior claims to later demonstrate the intentional nature of Defendant's violation.

requests both substantively and temporally (restricting them further than was originally requested), there should no longer be any dispute regarding the burden of providing the requested information and documents.

Defendant should be ordered to respond substantively and completely to Interrogatory Number 9 and produce all documents responsive to Request for Production of Documents Number 30, as modified by Plaintiff's agreement above in footnote 1.

  **B.**  **Former Employees**

Plaintiff requests the identification and related information of each employee that was separated from employment with Defendant during the two years preceding the filing of this case. This information is relevant to Defendant's telephone practices and its affirmative *bona fide* error defense. Defendant may have had procedures allegedly to avoid the violations alleged in this case, but the question remains whether they were *maintained* and whether they were *reasonably adapted to avoid [the] error*, as expressly required by the FDCPA. 15 U.S.C. § 1692k(c). Former employees (with no allegiance to Defendant) are witnesses to the existence of those procedures, as well as whether or not they were actually adapted by Defendant to avoid the errors.

Defendant claims that it has disclosed all current and former employees that worked on Plaintiff's account. See Defendant's Opposition, p. 6. However, this disclosure rings hollow. Indeed, the address of every employee disclosed by Defendant is Defendant's corporate address. No address or other contact information is provided for these "former" employees. Additionally, there is no indication whether each of these disclosed employees is a current or former employee.

Defendant has only provided information for employees that worked on Plaintiff's

6

account, unilaterally deciding that they are the only relevant witnesses. Defendant has no basis to choose this arbitrary criteria to limit Plaintiff's access to material witnesses. Defendant claims that former employees that did not work on Plaintiff's account would not be witnesses to the relevant procedures as adapted to Plaintiff's account. Here, Defendant again misses the mark entirely.

Were Defendant to be honest with its own unorthodox theory of relevance here, it should have claimed that the only employee that is a witness regarding whether Defendant's procedures were reasonably adapted to avoid the error here is the employee that committed the error. Indeed, Defendant claims the disclosed employees are relevant because they worked on Plaintiff's account and, therefore, have knowledge regarding whether the procedures were reasonably adapted to avoid the error committed. However, every employee that worked on Plaintiff's account had no idea that an error would be committed (other than the employee that committed the error) and so would have no knowledge regarding whether procedures were reasonably adapted to avoid that error. Therefore, if, as Defendant seems to claim, the other employees (that worked on Plaintiff's account) are witnesses to whether the procedures were reasonably adapted to avoid an error that they did not commit, then so would all of Defendant's former employees.[4]

Defendant's apparent willingness to disclose former employees that worked on Plaintiff's account is an admission that former employees (that allegedly committed *no* error, nor allegedly

---

[4] Additionally, Defendant's disclosure of its current employees provides little aid to discover the true facts behind Defendant's alleged defense. Current employees have an incentive to toe the line of Defendant's policies and/or legal strategy. This idea is not mere speculation. Without any encouragement from Defendant, and even if their fear is unfounded, it is very likely that current employees would fear retribution – in the form of demotion, reduced hours, or even termination – if they did not testify in line with Defendant's theory of the case. Especially with the current economy, employees will likely do almost anything to ensure continued employment.

7

even spoke with Plaintiff) are witnesses to whether procedures were reasonably adapted.

Defendant's objection based on time and scope can be easily resolved: Plaintiff agrees to limit his request to those former employees that were collectors – not maintenance employees, executives, or other non-collector employees. Additionally, although Plaintiff's requested time period of two years is not excessive, Plaintiff agrees to a further limitation: those employee separated from employment with Defendant during only the *one year* preceding the filing of this case.

Defendant's objection based on its fear of revealing "confidential information" of former employees is simple paranoia. Plaintiff is not requesting the former employees' social security numbers, financial account numbers, dates of birth, or any other personal information. Plaintiff merely requests information that is historically contained in a telephone book – addresses and telephone numbers. Even the recent redaction requirement of the federal rules require in civil cases only a redaction of social security numbers, dates of birth, names of minor children, and financial account numbers. Fed.R.Civ.P. 5.2(a).  It does not require redaction of addresses or telephone numbers. Therefore, Congress' opinion as contained in the federal rules disagrees with Defendant's claim that addresses and telephone numbers are confidential.

Defendant's final objection is that former employees could bind it as a corporate admission of sorts. However, as Plaintiff agreed above, he is not seeking former executives or anyone else that could bind the corporation. Defendant's *ipse dixit* assertions are based on nothing other than the fanciful musings of either Defendant or its counsel. They make no proffer that any former employee would actually bind Defendant, instead spouting paranoid mere possibilities under the veil of known reality. Again, Defendant has not stated that any former

8

employee could actually bind Defendant.

Defendant fails to address the Eight Circuit's clear direction (see Plaintiff's Motion, p. 6) in Wilhelm v. Credico, Inc., 519 F.3d 416 (8th Cir. 2008), when it faulted a party for not attempting to discover the identify of former employees when those employees would be witnesses to Defendant's *bona fide* error defense. Such discovery is necessary here as well.

Defendant should not be permitted to choose unilaterally, using attractive yet arbitrary criteria, which witnesses Plaintiff is permitted to interview. Plaintiff should be permitted to decide which witnesses to interview, instead of being forced to interview only those witnesses hand-picked solely by Defendant.

The failure to provide this critical information places all means of access in the hands of Defendant (and its counsel). Defendant seeks to act as gatekeeper, capable of filtering out information which is helpful to Plaintiff, and allowing access only to information which is helpful to its defense.

Defendant's disclosure of some, but not all, responsive employees is significantly inconsistent with the broad discovery available under the federal rules. Defendant's disingenuous claims of disclosing former employees are contradicted by its own disclosures. No indication is provided regarding current versus former employees, and no meaningful contact information is provided.

This Court should compel Defendant to provide all information responsive to Plaintiff's Interrogatory Number 11.

//

//

### III.     CONCLUSION

Defendant has attempted to unilaterally restrict the scope of discovery to favor itself at the expense of Plaintiff ability to discover facts material to his case. It has relied on generalized, boilerplate objections without any specificity. Only after forcing Plaintiff to file a motion to compel did Defendant hint at the specific bases of its objections. Now it provides arguments that miss the mark entirely, providing no meaningful help to resolve the issues in dispute.

Notwithstanding its clear burden, Defendant has failed to provide the information and documents required by Fed.R.Civ.P. 33, 34, and 37. Plaintiff requests this Court to enter an order compelling Defendant to respond properly, explicitly, and candidly to his Interrogatories Number 9 and 11 and Requests for Production of Documents Number 16, 17, 18, and 30 in accordance with the Federal Rules of Civil Procedure.

March 3, 2010

 s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (Facsimile)
craig@horwitzlaw.com

ATTORNEYS FOR PLAINTIFF
ROBERT ZNAVOR

**CERTIFICATE OF SERVICE**

      I, Craig M. Shapiro, hereby certify that on March 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

      James K. Schultz
      jschultz@sessions-law.biz

      Dean Brackenridege
      dbrackenridge@fbtlaw.com

      ATTORNEYS FOR DEFENDANT

       s/ Craig M. Shapiro
      Craig M. Shapiro